UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY SUNDERLAND JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN SUE POWERS, et al.,<br><br>Defendants. | No. 2:21-cv-02135-KJM-CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS |

This action was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's pro se complaint filed on November 18, 2021 (ECF No. 1) is before the court for screening.

Plaintiff requests to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The request will be granted.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## II.   ALLEGATIONS IN THE COMPLAINT

Plaintiff names Kathleen Sue Powers and Meghan Maureen Powers as defendants. Meghan Powers is plaintiff's ex-wife and Kathleen Powers was his mother-in-law. (ECF No. 1 at 5.) Through this action, plaintiff seeks relief related to his parental rights. (Id. at 4, 7.)

Plaintiff alleges that during a child custody case in 2017, Meghan Powers did not show up to court which resulted in plaintiff being awarded full custody. (Id.) In July or August of 2019, Kathleen Powers filed for a protection order and obtained an emergency order for guardianship. (Id. at 6-7.) Plaintiff alleges Kathleen Powers obtained this result by misleading the court. (Id.) Plaintiff filed a motion to terminate the guardianship and was told there would be an investigation, but the court dismissed plaintiff's motion without any investigation. (Id. at 7.) The

court ordered that plaintiff have one hour of visitation per month over Zoom and no other contact, with the stipulation that an order of protection exist as to Kathleen Powers. (Id.)

### III. JURISDICTION

This court lacks subject matter jurisdiction over plaintiff's claims related to his parental rights and a child custody dispute. Federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). This principle is known as the Rooker–Feldman doctrine and provides that federal courts lack jurisdiction to exercise appellate review over final state court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). In general, the Rooker–Feldman doctrine prevents "a party losing in state court... from seeking what in substance would be appellate review of the state judgment in a United States district court." Henrichs v. Valley View Dev., 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted). Stated differently, the doctrine bars a party who loses in state court from filing an action in federal court complaining of injuries caused by state-court judgments and asking the federal court to review and reject those judgments.

In addition, the "domestic relations exception" prevents federal courts from exercising jurisdiction in child custody matters. Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam); Ankenbrandt v. Richards, 504 U.S. 689, 693 (1992). Domestic relations and child custody issues are generally considered to be state law matters. Peterson, 708 F.2d at 466. Federal abstention is appropriate in such cases based on: (1) the strong state interest in domestic relations matters, (2) the state courts' superior competence in settling family disputes, and (3) the possibility of incompatible federal and state court decisions since the state exercises ongoing judicial supervision. Id. at 466 (citing Moore v. Sims, 442 U.S. 415 (1979)).

Abstention is proper even if the case is premised on alleged federal constitutional violations. Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987). "If the constitutional claims in the case have independent merit, the state courts are competent to hear them." Id.

Here, the complaint does not allege any violations of federal law, and plaintiff's claims arise out of a child custody dispute. This court lacks jurisdiction to overturn the family court's decisions, award plaintiff custody, or take any other action related to plaintiff's parental rights. Such relief is barred by the Rooker–Feldman doctrine and the domestic relations exception to federal subject matter jurisdiction.

### IV.   CONCLUSION

The complaint's jurisdictional deficiency cannot be cured by the allegation of additional facts. Under these circumstances, leave to amend would be futile and should be denied. See Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995).

In accordance with the above, IT IS ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS RECOMMENDED:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED without leave to amend for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 10, 2022

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Johnson.21cv2135.screen.fr